Ms. Paula Herzmark Executive Director Department of Local Affairs 1313 Sherman Street Denver, Colorado 80203
Dear Ms. Herzmark:
This letter is written in response to your June 4, 1981 request for an attorney general's opinion on the legality of the operation of a demonstration land registration project by the Summit County clerk utilizing funds granted by the Federal Department of Housing and Urban Development (H.U.D.).
QUESTIONS PRESENTED AND CONCLUSIONS
Your inquiry presents the following questions:
1. Is there any existing authority which would give the county clerk and recorder the power to demonstrate the land registration system?
2. Would the county clerk, or the county itself incur any liability under this proposal?
 My conclusion is that the county has the authority to enter into a contract for a demonstration project if the commissioners determine that such a project would benefit the efficient and effective use of county powers and responsibilities. The issue of general liability should not be a problem, but the issue of liability in a specific fact situation is too broad to address here and is best determined by the county attorney as the situation requires.
ANALYSIS
My analysis of your questions is based upon the following facts, as you have presented them:
a. Legislation authorizing such a project has been postponed indefinitely by the House Local Government Committee;
b. The participation of landowners in the project would be strictly voluntary;
c. Titles "recorded" under the project would have no legal effect;
d. Registration of land would in fact be effected under the provisions of C.R.S. 1973, 38-36-101, et seq. (Supp. 1980) the Torrens Title Registration Act;
e. The time spent by county employees would be paid under the provisions of the H.U.D. grant;
f. All other expenses of the project would be covered under the H.U.D. grant.
The duties of a county clerk and recorder, as set forth in C.R.S. 1973, 30-10-401 et seq. (Supp. 1980) include the duty of recording and keeping all records and deeds deposited in his office, including the recordation of titles to land. In Colorado, the registration of land is accomplished under the Torrens Title Registration Act, C.R.S. 1973, 38-36-101 et seq. (Supp. 1980). That act sets forth the only system in Colorado for the legal registration of land titles.
The land registration project you propose would not have legal effect on land registration but would, by using the information furnished under the current system, provide a model to determine whether an alternative land registration system would function more efficiently and effectively than the current system.
1. The general assembly has specifically authorized counties, as political subdivisions of the state, to enter into contracts with other governments, including agencies of the United States government, to provide such services or functions as they are authorized to provide. C.R.S. 1973, 29-1-201 et seq. (Supp. 1980). The Intergovernmental Relations Act was adopted to encourage governments to make the most efficient and effective use of their powers and responsibilities, as set forth in the legislative declaration thereto.
 The purpose of this part 2 is to implement the provisions of section 18 (2) (a) and (2) (b) of article XIV of the state constitution, adopted at the 1970 general election, and the amendment to section 2 of article XI of the state constitution, adopted at the 1974 general election, by permitting and encouraging governments to make the most efficient and effective use of their powers and responsibilities by cooperating and contracting with other governments, and to this end this part 2 shall be liberally construed.
C.R.S. 1973, 29-1-201 (1977 repl. vol. 12). The powers of a county are to be exercised by the Board of County Commissioners. C.R.S. 1973, 30-11-103 (1977 repl. vol 12). The county commissioners may exercise both those powers expressly conferred, and such incidental implied powers as are reasonably necessary to the exercise of those express powers. Board ofCounty Commissioners v. Love, 172 Colo. 121, 470 P.2d 861
(1970); Board of Commissioners v. Davis,27 Colo. App. 501, 150 P. 324 (1915). Those powers are set forth in both C.R.S. 1973, 30-11-101 (Supp. 1980), and C.R.S. 1973,30-11-107 (Supp. 1980) and include the following grant of power:
 To represent the county and have the care of the county property and the management of the business and concerns of the county in all cases where no other provisions are made by law;
C.R.S. 1973, 30-11-107(1)(e). (Emphasis added.)
Any change in the system of land title registration could only be effected through statutory change. It is my understanding that the purpose of the demonstration system would be to determine, and to generate data on the efficacy of an alternative system. If the demonstration project indicates that an alternative system is a more effective and efficient use of county personnel and resources, and if legislation is enacted authorizing the use of such system, the project may form the model for a new land registration system. It is therefore my opinion that the demonstration project itself may be authorized as a project directed toward determining the best and most efficient management of the county offices.
If, in fact, the county commissioners determine that the implementation of the demonstration project is of legitimate value in the management and concerns of the county, and in the best interests of the county, the power to enter into a contract for such a project is specifically authorized by the provisions set forth above.
2. The second question that you have asked relates to liability of the county clerk or of the county, should such a demonstration project be undertaken. As indicated in the response to your first question, if the county commissioners properly make the required determination, the risk of liability would be minimal. However each specific decision and fact situation raises individual and unique problems that should properly be addressed by the county attorney.
SUMMARY
The county commissioners have the authority to contract for a grant for a demonstration land title registration project if they determine that such project would aid in the efficient and effective administration of county powers and concerns. The county attorney is the proper officer to advise the county commissioners as to their liability for any particular actions undertaken in the administration of their offices.
Very truly yours,
 J.D. MacFARLANE Attorney General
COUNTIES CONTRACTS FEDERAL GRANTS TITLE TO PROPERTY DEEDS
C.R.S. 1973, 30-11-101
C.R.S. 1973, 38-36-101
C.R.S. 1973, 29-1-203
AFFAIRS, LOCAL, DEPT. OF Local Government, Div. of
County commissioners may accept federal grant for land registration demonstration project if project is determined to aid in effective and efficient administration of county offices.